## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Civil Action No. 3:11-cr-199–HEH |
| ) | |
| LINWOOD CAIN, ) | |
| ) | |
| Defendant. ) | |

### <u>MEMORANDUM OPINION</u>
### (Vacating Conviction and Sentence on Count Four)

The matter is before the Court on remand from the United States Court of Appeals for the Fourth Circuit. For the reasons set forth below, Linwood Cain's conviction and sentence on Count Four will be vacated and the matter will be set for resentencing.

### I. PROCEDURAL HISTORY

On August 3, 2011, Linwood Cain ("Cain") was charged with: interference with commerce by threats and violence by robbing the Family Dollar Store in Lawrence, Virginia ("Hobbs Act robbery") (Count One); using or carrying a firearm during and in relation to a crime of violence, to wit, the crime charged in Count One (Count Two); attempted Hobbs Act robbery of the First Citizens Bank in Brunswick, Virginia (Count Three); using and carrying a firearm during and in relation to a crime of violence, to wit, the crime charged in Count Three (Count Four); and possession of a firearm by a convicted felon (Count Five). (Indictment at 1–3, ECF No. 1.)

On October 19, 2011, Cain pled guilty to Counts Two and Four (ECF No. 14 at 1), and the Government agreed to dismiss the remaining Counts of the Indictment. (*Id.* at 6.)

On January 27, 2012, the Court sentenced Cain to 84 months of imprisonment on Count Two and 300 months on Count Four, to be served consecutively.  (ECF No. 23 at 2.)

On June 20, 2016, Cain filed his § 2255 Motion arguing that his § 924(c) convictions were no longer valid in the wake of *Johnson v. United States*, 576 U.S. 591 (2015).  (ECF No. 31.)  By Memorandum Opinion and Order entered on March 29, 2019, the Court denied the § 2255 Motion.  (ECF Nos. 37, 38.)  The Court concluded that, *inter alia*, Cain's § 924(c) convictions rested on valid crime of violence predicates because Hobbs Act robbery and attempted Hobbs Act robbery are valid crimes of violence under the force clause because they invariably required the actual, attempted, or threatened use of force.  (ECF No. 37 at 9 (citation omitted).)

Cain appealed.  (ECF No. 42.)  On September 23, 2022, the United States Court of Appeals for the Fourth Circuit granted the Government's unopposed motion to remand the matter to this Court.  (ECF No. 46 at 1.)  The Fourth Circuit stated that, "the court grants the motion and remands this case to the district court in light of *United States v. Taylor*, 142 S. Ct. 2015 (2022).  The clerk is directed to attach a copy of the motion to remand to this order and transmit a copy of both to the district court."  (*Id.*)

In the attached Motion to Remand, the Government stated:

> The government agrees that the defendant's conviction on Count 4 is no longer valid.  In *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), the Supreme Court struck down § 924(c)'s residual clause, § 924(c)(3)(B), as unconstitutionally vague.  And in *Taylor*, the Supreme Court held that attempted Hobbs Act robbery does not qualify as a crime of violence under § 924(c)'s force clause, § 924(c)(3)(A).  142 S. Ct. at 2020–21.  Accordingly, the violation charged in Count 4 no longer rests on a valid predicate.
> Therefore, the government requests that the Court grant the defendant's application for a certificate of appealability and remand to the

district court for further proceedings. Appropriate relief may include a resentencing on the remaining count of conviction, Count 2. *See Davis*, 139 S. Ct. at 2336 ("[W]hen a defendant's § 924(c) conviction is invalidated, courts of appeals routinely vacate the defendant's entire sentence on all counts so that the district court may increase the sentences for any remaining counts if such an increase is warranted." (internal quotation marks omitted)); *United States v. Ventura*, 864 F.3d 301, 309 (4th Cir. 2017) (adopting the sentencing-package doctrine and concluding that, "if some counts [of a multicount judgment] are vacated, the judge should be free to review the efficacy of what remains in light of the original [sentencing] plan" (internal quotation marks omitted)). The parties have agreed to leave the remedy to the discretion of the district court.

(ECF No. 46-1 at 4 (alterations in original).) On November 16, 2022, the Fourth Circuit issued its mandate with respect to the above decision. (ECF No. 48.)

## II. THE REMEDY

In light of the Motion to Remand and the authority cited therein, the Court will vacate the portions of the March 29, 2019 Memorandum Opinion and Order that denied Cain relief with respect to Count Four. The Court will grant Cain relief under 28 U.S.C. § 2255 with respect to Count Four. Cain's conviction and sentence for Count Four will be vacated.

The United States Court of Appeals for the Fourth Circuit has explained that,

the end result of a successful § 2255 proceeding must be the vacatur of the prisoner's unlawful sentence (and perhaps one or more of his convictions) and one of the following: (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, (3) or a new sentence, be it imposed by (a) a resentencing or (b) a corrected sentence.

*United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007) (footnote omitted) (citing 28 U.S.C. § 2255(b)). "[T]he goal of § 2255 review is to place the defendant in exactly the

*same* position he would have been had there been no error in the first instance." *Id.* at 665 (citations omitted) (internal quotation marks omitted).

The Court concludes that the appropriate remedy here is to conduct a full resentencing on the remaining counts of conviction. *See United States v. Ventura*, 864 F.3d 301, 309 (4th Cir. 2017) (noting, in a direct appeal, that "[w]e agree with our sister circuits that 'when a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan,' and that if some counts are vacated, 'the judge should be free to review the efficacy of what remains in light of the original plan'" (quoting *United States v. Townsend*, 178 F.3d 558, 567 (D.C. Cir. 1999))); *see also United States v. Said*, 26 F.4th 653, 665 n.19 (4th Cir. 2022)  ("[T]he 'sentence-package theory,'. . . we have recognized, provides that in appropriate circumstances resentencing on all counts is a proper remedy under § 2255 for a single unlawful conviction." (quoting *United States v. Chaney*, 911 F.3d 222, 226 (4th Cir. 2018))).

The matter will be set for resentencing.  The Federal Public Defender will be appointed to represent Cain with respect to the resentencing.

An appropriate Order shall accompany this Memorandum Opinion.

                                            /s/
_____

Henry E. Hudson
Senior United States District Judge

Date: **Nov. 30, 2022**
Richmond, Virginia